UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DAVID LAMB[1]            )
                         )
v.                       )    NO. 2:07-CV-167
                         )    *Greer/Inman*
ETHAN CALHOUN, Deputy, and the )
HAWKINS COUNTY SHERIFF'S DEP'T )

## **MEMORANDUM and ORDER**

David Lamb, a prisoner in the Hamblen County Justice Center jail, brings this *pro se* civil rights complaint for damages and other relief under 42 U.S.C. § 1983 against a Hawkins County deputy sheriff and the sheriff's department. Plaintiff's application to proceed without prepayment of the filing fee is **GRANTED** [Doc. 1], and he is **ASSESSED** the civil filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§

---

[1] Though Robin Lamb also is captioned as a plaintiff, she is not regarded as such since she failed to sign the complaint or submit an application to proceed *in forma pauperis*.

1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at plaintiff's place of confinement to ensure compliance with the assessment procedures outlined herein. All payments should be sent to: <u>Clerk's Office, USDC; 220 W. Depot Street, Suite 200; Greeneville, TN 37743.</u>

### III. Screening Procedure

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit must be dismissed.

In his complaint, plaintiff alleges that, on August 21, 2006, he awoke when he heard a door slam to find several officers standing inside his doorway and a broken door latch lying on his front deck. Startled by these events, he quickly rose from the chair in which he had been asleep and saw the officers backing out of the doorway. Officer Ethan Calhoun, however, did not retreat with the other officers, but barged through the doorway asked plaintiff for his identification. Plaintiff went to his bedroom to retrieve his wallet and was followed by defendant Calhoun without plaintiff's consent and without showing him a

2

warrant.

When plaintiff produced his driver license, he was gripped violently and handcuffed, led to his living room, and forced to sit on the sofa in his underwear. During the search which ensued, this officer seized plaintiff's wife's prescription medication for hydrocodone and placed it in his pocket. Plaintiff was taken to a patrol car and kept there about 30-45 minutes, while his residence was searched. Thereafter, plaintiff was taken to the Hawkins County Sheriff's Department and booked on charges of possession of Schedule II Drugs and possession of drug paraphernalia. When he tried to post bond, he was charged with disorderly conduct and taken to the visitation area, where he was held for some 14 to 15 hours, still unclothed and without being furnished with any type of bedding.

Plaintiff posted bond and his wallet was restored to him, with four hundred dollars ($400) missing. Upon his return to his residence, he discovered his belongings in disarray and a large sum of money—estimated at six hundred dollars ($600)—missing from his kitchen counter. Because plaintiff intended to pay his rent and other bills with the now-missing money, he was forced to vacate his residence and, with some outside assistance, move into another place, which lacked the luxuries of his old residence.

The Court infers that plaintiff is asserting violations of his right not to be subjected to unreasonable search and seizure (Fourth Amendment), to unconstitutional conditions of confinement (Eighth Amendment), and to unreasonable force (Fourth Amendment) or

deprived of property without due process of law (Fourteenth Amendment).[2]  For these inferred violations, plaintiff seeks compensation and expungement of his criminal conviction.

At the outset, one of the defendants, the Hawkins County Sheriff's Department ("HCSD"), is a non-suable entity.  This is so because the HCSD has no legal or corporate existence apart from Hawkins County and, hence, is not a "person" subject to liability under 42 U.S.C. § 1983.  *Brock v. Warren County*, Tenn., 713 F.Supp 238 (E.D. Tenn. 1989).  *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978) (For purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate.").

There are other deficiencies which call for the dismissal of the complaint.  First, it is well-recognized law that, in an action for damages, if a judgment in favor of the plaintiff would necessarily imply the invalidity of his state court conviction or sentence, his § 1983 complaint must be dismissed, unless he can demonstrate that the conviction or sentence has already been invalidated.  *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  In other words, "no cause of action exists unless a conviction has been legally eliminated."  *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995).

The Court assumes that plaintiff has been convicted of the Hawkins County drug-related charges because he is an incarcerated person.  If plaintiff were to prevail against the

---

[2]  The first eight amendments in the Bill of Rights apply to the States through the Fourteenth Amendment. *Duncan v. Louisiana*, 391 U.S. 145, 147-48 (1968).

defendants on his implied allegations of wrongful search and seizure, this would necessarily imply that his conviction was invalid because the item which was seized was hydrocodone tablets, presumably the Schedule II drugs upon which the charges were based. *See* Tenn. Code. Ann. § 39-17-408(b)(1)(2007). Assuming that plaintiff was convicted of those charges, he does not allege that his conviction has been ruled invalid. In short, because he has suffered no cognizable injury at this time, his § 1983 claim for damages cannot stand.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated ...." U.S. Const. amend. IV. Plaintiff's implied claim that he was subjected to unreasonable force during the search by being "grasped in a violent manner" [Compl., at 4] must be analyzed under the Fourth Amendment's reasonableness standard. *Graham v. Connor*, 490 U.S. 386 (1989).

> With respect to such an issue, the Supreme Court has instructed that
>
> "[t]he reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.... and that, [w]ith respect to a claim of excessive force, the same standard of reasonableness at the moment applies: Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."

*Graham*, 490 U.S. at 396 (citations and internal quotation marks omitted). The right to make an arrest necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. *Id*. at 396.

5

Plaintiff's sole contention underlying his claim is that he was "grasped in a violent manner." There are no allegations of fact surrounding the use of force which would suggest that the action complained of was unreasonable under the cited authority. The mere grasping of an arm in a violent manner, absent any allegation of injury, might seem unnecessary in hindsight, but it does not appear to be the sort of conduct proscribed by the Fourth Amendment.

Thirdly, conditions of confinement which amount to an "unnecessary and wanton infliction of pain" violate the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).[3] To show that the behavior complained of amounted to an unnecessary and wanton infliction of pain, plaintiff must show: (1) that the alleged deprivation is, objectively, sufficiently serious and (2) that the prison official who caused the deprivation had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison condition will be sufficiently serious if it denies a plaintiff "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A state of mind will be sufficiently culpable where an official knows of, but disregards, an excessive risk to inmate heath or safety. *Farmer*, 511 U.S. at 837.

In this case, plaintiff claims that he spent some 14 to 15 hours in a two-man visitation

---

[3] As noted, the Eighth Amendment's proscription against cruel and unusual punishment extends to pretrial detainees through the Due Process Clause of the Fourteenth Amendment, *see Whitley v. Albers,* 475 U.S. 312, 327 (1986) and, therefore, an Eighth Amendment analysis applies to plaintiff's claims of unconstitutional confinement conditions. *Thompson v. County of Medina,* 29 F.3d 238, 242 (6th Cir.1994).

6

cell, unclothed and without bedding. The length of time that an inmate is subjected to certain conditions of confinement is relevant in determining whether the confinement meets constitutional standards. *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."); *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982) ("allegations of two days of discomfort are not sufficient to state a claim of constitutional dimension"). Though undoubtedly unpleasant, it is not likely that the described conditions are sufficiently dire as to constitute a denial of the minimum civilized measure of life's necessities or to be repugnant to "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

Nevertheless, the Court need not rule on that aspect of an Eighth Amendment claim, because plaintiff offers no allegation as to the identity of the individual who confined him in the visitation cell; no allegations as to whether that individual knew of the challenged conditions and knew that they posed a substantial risk to plaintiff, but simply disregarded them; and no allegations as to whether that person possessed the requisite state of mind of deliberate indifference.

The final claim the Court infers from the complaint is a claim for a due process violation stemming from the disappearance of plaintiff's money from his wallet and from his residence. Assuming that plaintiff is maintaining that he was subjected to an unauthorized, intentional deprivation of his personal property without the procedures which were due him, he will not state such a claim unless he pleads and proves that he has no meaningful state
7

post-deprivation remedies available or that such remedies as are available are ineffective to protect his rights. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 539 (1981), *overruled on other grounds by Daniel v. Williams*, 474 U.S. 327 (1986). Plaintiff has not met his burden. Indeed, Tennessee has such a remedy, *see McQuiston v. Ward*, 2001 WL 839037 * 1 (Tenn. Ct. App. July 25, 2001) (citing to Tenn. Code. Ann. § 29-30-101 and § 29-30-201)), and plaintiff has failed to show that it is inadequate.

Pursuant to the Prison Litigation Reform Act, courts no longer have discretion to allow a plaintiff to amend his complaint to avoid dismissal. *See McGore*, 114 F.3d at 612; *see also Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780 *1 (6th Cir. Nov. 4, 1999) ("The PLRA requires district courts to screen cases at the moment of filing. The court is not required to allow a plaintiff to amend his complaint in order to avoid a sua sponte dismissal.") (citations omitted).

Therefore, based on the above reasoning, the *Heck*-barred claims are **DISMISSED without prejudice** and all others are **DISMISSED** for failure to state a claim upon which relief can be granted under § 1983. Also, since the federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over any state law claims plaintiff may have raised, *see United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), and they are **DISMISSED** without prejudice. 28 U. S. C. § 1367(c)(3). Lastly, the Court will **DISMISS** this entire case and will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

8

A separate order will enter.

**ENTER**:

                                                  s/J. RONNIE GREER
                                  UNITED STATES DISTRICT JUDGE